Evelyn Clark (formerly Evelyn Davisson) v. Commissioner.
Clark v. Commissioner
Docket No. 112164.
United States Tax Court
1944 Tax Ct. Memo LEXIS 399; 3 T.C.M. (CCH) 25; T.C.M. (RIA) 44008; January 12, 1944
*399 The respondent's determination that stock of the Railway Company did not become worthless in the taxable year sustained. Richard L. Davisson, Esq., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency in petitioner's income tax for the year 1940 in the sum of $5,738.53, consequent upon his holding that a long-term capital loss of $17,000 claimed as a deduction for the alleged worthlessness of 1,000 shares of common stock of the Chicago and Eastern Illinois Railway Company was not deductible in the taxable year. Findings of Fact All of the facts were stipulated and are found as stipulated. For the purposes of this report the following statement will suffice: Petitioner is an individual residing in Newport, Rhode Island, who filed her income tax return for the year 1940 with the collector of internal revenue for the third collection district of New York. In April 1929 petitioner acquired 1,000 shares of the common stock of the Chicago and Eastern Illinois Railway Company by gift from her husband, J.F.A. Clark. These shares of stock had a fair market value of $34,000 as of the *400 date of the gift, which value was less than the cost of the stock to the donor. On April 18, 1933 the Chicago and Eastern Illinois Railway Company, hereinafter referred to as the Railway Company, filed in the United States District Court for the Northern District of Illinois, Eastern Division, its petition for reorganization, pursuant to section 77 of the Bankruptcy Act of 1898, as amended, and the said petition was approved as properly filed under section 77, and the Railway Company was authorized and directed, pending the further order of the court, to continue temporarily in possession of its assets and property and operate its business. On November 4, 1938 the Interstate Commerce Commission rendered a report and order in which it approved a plan of reorganization. Thereafter, on petition of the Railway Company, the Interstate Commerce Commission issued a supplemental report and order dated January 20, 1939, modifying the plan of reorganization which it had theretofore approved on November 4, 1938, and the Interstate Commerce Commission thereafter certified the plan approved by it to the United States District Court, together with a transcript of the proceedings before it and *401 a copy of its report and order approving the plan and of the supplemental report and order modifying such plan. On June 16, 1939 the United States District Court entered its order approving the plan of reorganization of the Railway Company theretofore approved by the Interstate Commerce Commission on November 4, 1938, as modified by the supplemental order of the Interstate Commerce Commission entered January 20, 1939. In its order approving the plan of reorganization dated June 16, 1939 the District Court found as a fact "that the equity of the holders of common stock in the property of the debtor has no value and that the Interstate Commerce Commission has so found." The District Court also, among other things, ordered, adjudged and decreed: "That the plan of reorganization for Chicago and Eastern Illinois Railway Company, debtor, approved by the order of the Interstate Commerce Commission entered November 4, 1938, as modified by the supplemental order of the Interstate Commerce Commission entered January 20, 1939, and construed as provided in the preceding two paragraphs of this order, be and it is hereby approved, and the objections to said plan of reorganization, as modified, *402 be and they are hereby, and each is hereby, overruled. "That the finding of the Interstate Commerce Commission that the equity of the holders of common stock in the property of the debtor has no value be and it is hereby affirmed." On January 10, 1940 the District Court entered its order confirming the plan of reorganization theretofore approved by the said court under date of June 16, 1939. In said order the court provided: "That said plan of reorganization be, and the same hereby is, confirmed; "That said plan of reorganization shall henceforth be final and binding and all instruments and documents executed pursuant thereto shall, upon approval by this Court, be final and binding, upon the Debtor, all of the stockholders thereof, including those who have not, as well as those who have, accepted it, and all creditors secured or unsecured, whether or not adversely affected by said plan of reorganization, and whether or not their claims shall have been filed, and, if filed, whether or not approved, including creditors who have not, as well as those who have, accepted it. The rights of all stockholders and creditors with respect to claims and securities affected by said plan shall *403 be only those provided by said plan of reorganization and as evidenced and specified in the instruments and documents, approved by this Court, executed pursuant thereto;" On December 9, 1940 the District Court entered its order of transfer in the proceedings for the reorganization of the Railway Company. On June 16, 1941 the District Court entered its final decree in the proceedings for the reorganization of the Railway Company. By amended answer respondent made claim for an increased deficiency. Opinion VAN FOSSAN, Judge: On the above facts petitioner asks our finding that the stock of the Railway Company became worthless in the year 1940. She contends that on the transfer as of December 31, 1940 "by the debtor of all of its property to the new railroad company free of all claims of the debtor and of its stockholders the common stock of the debtor (Railway Company) became worthless." It is urged that the "transfer of the debtor's property to the new corporation is the identifiable event and the completed transaction" contemplated by the law as laid down in the decided cases. We are unable to agree with petitioner. Under the pleadings petitioner had a double burden. It is stipulated *404 that respondent determined the stock to be worthless in a prior year. Thus, to negative this holding, it was incumbent upon petitioner to prove that the stock had value at the beginning of 1940. She also had the further burden of proving that the stock, having value at the beginning of the year, became worthless in the taxable year. The recited facts and the exhibits submitted in evidence lead us without doubt to the conclusion that petitioner has proved neither required proposition. On the first phase we are advised that both the Interstate Commerce Commission and the District Court in 1939 held the common stock to be without value. Although such determinations are not conclusive, they are entitled to weight, and in the absence of other countervailing evidence clearly support the respondent's determination. On the second phase petitioner's reliance on the fact that the court did not finally confirm the plan of reorganization until January 10, 1940 is ill founded. The same court had already, in the prior year, declared the stock worthless, and, moreover, the final order respecting reorganization was not entered until 1941. No weight of substantial significance attaches to the formal *405 confirmation. Neither the confirmation of the reorganization nor the stripping of the old company of its assets is demonstrated to have brought about the worthlessness of the stock. The evidence clearly points to the conclusion that it was valueless prior to the taxable year. We sustain the respondent. Decision will be entered for the respondent.